So let's call the first case. Yes, Your Honor. N. Ray Dobos Michael D. Cusicklo Counsel for Appellant's Peoples Bailey Vaughn and Harry Cusickline Andre Andrew Edward Smyth Counsel for the Appellee the Agent of the Attorney Anita Dobos Counsel Good morning, Justices. Michael Cosgrove on behalf of appellants. I appreciate Your Honor's opening remarks. I'm going to cut right to it. First of all... First of all, how much time do you want to reserve for rebuttal? Probably a lot. Probably ten minutes. Okay. Ten minutes? We'll tell you when the five minutes has gone by. Thank you, Your Honor. I want to point out that in the appellee's brief, they did not address in any way the fact that they failed to oppose the motion to reopen or the fact that a proper allegation of the statute of limitations under Federal Rule of Bankruptcy Procedure 4007 was never listed in their answer. I personally believe, on behalf of my clients, that may be the end of it because it is unequivocal, based upon Ninth Circuit law, that failure to plead an affirmative defense in the answer is conclusive and in pursuant to the authorities that I have cited. Starting with your first point about the motion to reopen, your motion itself said that reopening a case has no substantive significance, right? That is correct, and that's where some of the judges in the Central District actually are in conflict. Even one case, I can get the name off the top of my head, says that reopening isn't even necessary. But I did it out of an abundance of caution, and frankly, in this case, I think Judge Russell disagrees with that case that says that reopening is not necessary. Well, how do you get to it's determinative? I mean, the fact that they didn't oppose your reopening is determinative in your mind? No, no. I said the failure to list the affirmative defense in the answer is determinative. Whoa, whoa, whoa, whoa, whoa, whoa, whoa. Okay, so it didn't matter that they didn't oppose your motion to reopen? I disagree that it didn't matter, but... Well, that's what I'm trying to figure out. Well, where's the problem? I mean, no one cares if they oppose the motion to reopen because it has nothing to do with anything. Well, okay. Right? Why do courts not grant motions to reopen? A, it's futile. Right. Okay. B, something else. Worry about A. So why does it matter that nobody opposed your motion to reopen? Because that would have been the first opportunity. So what? Okay. Why does it matter? Is it determinative? No. Why does it matter? And, uh, as I was going to say, because it would have been an opportunity for them to raise the issue, and they didn't. They chose not to. They didn't... But you're saying that precludes them from doing it? No, that's not what I'm saying. Okay, so what are you saying? I'm saying that was the first opportunity they had to raise the issue, and they didn't. So it's not significant? I'm not saying it's insignificant. Okay. I'm saying it's not determinative. The second opportunity they had was after the adversary was filed, by federal law, they're required to list their affirmative defenses in their answer, and they didn't. What does that have to do with the motion to reopen? That in and of itself has nothing to do with it. Okay. That's what confused me. I thought you were trying to say that somehow this failure to complain about a motion to reopen had some consequence, and it has not. Well... Right? That's where I disagree, because I think it could have, if that was their opportunity... Okay, I'm taking too much of your time here on this one, so... I think here's the problem. This court has opined that opening a case is a ministerial act. Right. In most courts, it does not come in front of the judge. It's just done by the clerk's office. Occasionally, in some courts, and I guess the Central District is one of those courts, the judges want to look at cases before they're reopened, and we have on occasion suggested that that's not perhaps the most appropriate procedure, because it leads to this, let's determine whether it should be opened or not should be reopened based upon the merits of the reason for opening it. And we've written opinion saying that's not the appropriate time to do that. That the case should be opened, and if there's some problem with the reopening of the case based upon the merits of the reason, address that separately. And that's, I think, the point we're trying to make. Very good. Then, the next issue then is in the answer to the adversary complaint, the allegation of affirmative defense for statute of limitations should have been raised and was not. Can't a court overlook that, effectively waive the failure to assert an affirmative defense or allow it to be asserted later? That's not conclusive, is it? It is, Your Honor. I've actually listed those authorities in my brief. Specifically, it can't be re-raised at a later date, because failure to raise an affirmative defense in the answer is a waiver. And I can get back to those on rebuttal, if need be, and get to the brief and where those are listed, but that's why I listed them. And that's why in the lower court we said that, getting to the next point, that if, in fact, this motion could be considered at all, under 12B it had to be before the answer was filed. It was not. The answer was filed without an affirmative defense for the statute of limitations. That being a waiver, then the motion to dismiss, I have to be honest to the court, I'm not aware of any law that allows you to do some generic motion to dismiss after you file the answer. The remedy is either some procedural motion for failure to comply with discovery, things of that nature, or a motion for summary judgment, which then requires de novo review. And getting to the procedural point, though, the authorities I cited clearly state that if it's not listed in the answer, it cannot be raised again on a motion for summary judgment. It would seem to me that would have to apply to a generic motion to dismiss for which I know of no authority that I could find. It's either a motion to dismiss under 12B before the answer is filed or once filed, if it's on the merits, which this would have been. Counsel, may I ask you a question? Sure. So the issue here is that there is an argument that this judgment was barred by the statute of limitations. But you have procedural questions regarding whether that could be raised or not. Is that correct? I don't understand the court's question. I don't have a brief. What I have is what I think is the law. The judgment was recorded and it's good for 10 years under state law. And then under bankruptcy law, as long as it's still ripe when the bankruptcy is filed, it can be raised in the bankruptcy. And in this case, even under the appellee's brief, it's clear, timing-wise, the judgment in state court was still ripe at the time the bankruptcy was filed. But what about when the bankruptcy case is closed and the automatic stay terminates? Well, again, we're back to the statute of limitations. If we were required to do something, we filed a motion to reopen in, I believe it was 2015, within the 10-year statute under state law. And so it's my view that that protected us in the bankruptcy where we have gone. Because clearly, and I'm just going to cut to the chase in this regard, without non-dischargeability in bankruptcy, this debt is discharged. There's no question about that. So the survival of the debt in bankruptcy survives or falls on our ability to prove non-dischargeability in the bankruptcy case. So at some point, the case law says the state law is then inapplicable once the bankruptcy is filed because that's where and I believe the law is that it is the ultimate sole jurisdiction to determine non-dischargeability is in the bankruptcy court. So the fact that there wasn't an automatic stay anymore is not relevant to you? No. Well, because Because there wasn't, right? Correct. There was not, but it's not relevant because It's the automatic stay that would have prevented you ordinarily from doing something to re-perfect that judgment, right? That is correct. So there wasn't an automatic stay? Well, there was an automatic stay until the discharge was entered. The date, I believe, was sometime in 2014. But after that, you could have done something. But instead of that, because the 10 years would have been 2017, we filed in 2015 in the The point I'm trying to make is when you did that, there was no stay, right? There was no prohibition on you doing whatever you needed to do in state law. Well, I disagree, Your Honor, because once we had knowledge of the bankruptcy, under the Beasley... Is there an automatic stay? No. At the end of the bankruptcy, there's the permanent stay. There's the permanent injunction. And under the Beasley case, listed or not, once you have actual knowledge, now you're subject to that and you cannot take action. And in your view, that's the same effect as an automatic stay? With respect to perfecting a judgment? Yes. Because otherwise it would be violating the permanent injunction. That's just conclusory. I'm sorry? You're telling me it's the same thing? I believe it is. That's an answer. Thank you. I lost track of all the questions of how much I have left. You have about six minutes left. All right. Well, then I better just say what else I wanted to say. So the bottom line is there is no procedure I'm aware of after the answer is filed under a generic motion to dismiss, certainly when the failure to list the statute of limitations under bankruptcy law hasn't been planned. So I think that is the focal point. And upon that, I thank the Court and I'll reserve the rest for rebuttal. Thank you. Counsel? Good morning, Your Honors. If it pleases the Court, I don't think I'll be long and I'll accept the invitation to say why Judge Russell was right. Most of the other things I would say are in the brief and I'd just be repeating them, but if you look at the motion and Judge Russell telling counsel that just saying, well, I didn't get it, I didn't get, I didn't receive it, isn't enough, and that he should concentrate on what's service proper, which was by certified mail twice, including a motion to lien strip, reading that, I don't think, and counsel didn't address this, anyone would look and think Judge Russell, who wrote the book on that, was wrong. So counsel skips that and gets further on. But the address that you sent the service to by certified mail was a six-year-old address, right? Was any effort made to make sure that that address was still current when the bankruptcy was filed? It was from the abstract of judgment and I would end up testifying because I personally Okay, well, let me say, does the record show? No, the record doesn't. Okay, thank you. Someone verified it to me that it was correct. So I think, again, reading what Judge Russell said about characterizing this as a summary judgment and then saying we didn't do it right, I just think it's correct. He didn't make a mistake. And the other things I have would be, I'd be repeating my brief. If there's questions, fine. If there's not, I would submit it. Well, let me ask you this. Judge Russell said that there was no evidence that the, I forget exactly how he put it, but no evidence that the address was wrong. That's basically what he was saying. And there was no evidence filed in connection with the motion to dismiss by the responding party, but there was a declaration attached to the complaint in which the principal of the bail bonds company said, that wasn't my address when the bankruptcy was filed. I never received it. I found out about it years later. What are we to make of that? The evidence was not brought to the attention of the judge when the motion was filed, but it was sitting there in the file. Well, Judge Russell, I'm usually on the other side of this arguing about technical defaults, but one is that I'm not sure in a complaint it's evidence, I don't know if it was a sworn statement or a verified complaint, but when we said it was a correct address and they had notice, then they had to file something saying it was not, but they didn't do it, and then they filed it late, and as I say, I'm usually arguing that judges should just forget these timeliness rules and forget the lateness, but Judge Russell didn't, and as the court stated at the beginning,  was the trial judge right? Well, he was right. Maybe he was too strict with the rules and too strictly right, but he was correct, and again, they forgot to, I've cited evidence that said if the lawyer, his name was left on the abstract, and if the lawyer apparently represents the judgment creditor, that's proper service, and counsel never seems to address that at all, it's just, I didn't get it, that's the whole ball game, and we should redo this, so also on the statute of limits, it's they went ten years and didn't renew it, so the judgments, it might be worse for them than just the statute of limits. There was a judgment, it's gone, it's expired, and the rules in state court are not just in the terms of statute of limits, it says that's it, you can't prosecute it anymore, so there's probably a state court bar apart from a statute of limits. These long, I know your honors are asking me questions that seem to we're getting problems with the long delay, but this is, they wait ten years to assert their rights, and somehow, I assume counsel's going to argue that helps in some way. Thank you, your honors. Thank you. Thank you. If I may, your honors, pages 13 and 14 of my brief talk about the waiver of an affirmative defense if not listed, and that includes a statute of limitations defense that if not specifically pled is waived and cannot be raised again on any subsequent motion. The cases cite motion for summary judgment. Number two, because the answer didn't list this affirmative defense, no discovery was done by either party, because without an affirmative defense that is relevant to the issue and the one that was pled with all due respect was completely inapplicable, then we needed to know no discovery, we had a judgment. I would also point out that the lower court... Let me ask you that question, because it is sort of, as you might imagine, troubling to the panel that we're talking about the collection of a judgment that on its face was barred by the statute of limitations. Please don't interrupt me. I'll interrupt you, you don't get to interrupt me. It's really unfair. I'm used to it. If it had been pled as an affirmative defense and you had an opportunity to make a showing to the court, what would you have shown? We would have shown that he was a licensed bail bondsman with a public address. No, no. What would you have shown why this judgment was not barred by the statute of limitations? Because again, pursuant to the authorities I listed, because the 10 years hadn't expired when the bankruptcy was filed, and we learned about it before the 10 years expired... But as Judge Lafferty tried to suggest to you that once the bankruptcy is dismissed and there's no statute of limitation... Automatic stay. No automatic stay. No automatic stay. The time limit starts to run again, right? No, I disagree, because then the permanent stay goes into effect, of which we ended up getting actual knowledge of, which is why we filed our motion in the bankruptcy in 2015 before the 10 years expired. When went the 10 years run? Just remind me. They're alleging 2017. I actually think it might have been 2018. You're better off if it is, right, because you didn't even get around to filing your complaint in 2018, right? Yes. I'm sorry, I didn't... When did you file your complaint? The complaint was 2018. Yeah, okay. However, because the permanent... Why do you think this... I don't want to take all your time on this, but what's the source of a disagreement? Well, let's start with the fact that Judge Russell didn't rule on that, so that wasn't even an issue. I'm asking you now. You take the rare opportunity to tell me something that I literally can't tell from the record. When, in your view, did the judgment expire? I don't believe it expired at all. When would it have? I'm sorry? When would it have? Without the bankruptcy, it would have expired 2017, 2018. I don't have that date particularly in front of me. Okay, never mind. I'm sorry? Never mind. Well, in any event, because we filed the motion to reopen in the bankruptcy in 2015, and it was granted to reopen because we were not properly served, then it would be highly inequitable then for my client to be stuck with a statute that otherwise is part of the bankruptcy process, not the state court process, which is why we get to the point that I admit that but for non-dischargeability, this debt is discharged. So the only remedy left and it's my understanding of the law that the permanent injunction is just as meaty, if not more so, than the automatic stay, and it was clearly in effect, and once we had actual knowledge in 2015, we couldn't go back to state court. You know, one thing that puzzles me about the record is why the motion to reopen was filed and nothing happened for two years. The court didn't act on the motion to reopen for almost, actually over two years, if I remember correctly. Yes, that is correct. The order wasn't entered. And I had to, I don't think this is part of the record, but I'll just tell the court, Stacey, Judge Russell's clerk, and I had several discussions where he asked me to re-notice it and submit an order and I was waiting for that. The court may know that I actually filed the adversary complaint before the order reopening was entered because I'd waited to get the entered order and it wasn't entered. So I actually filed it beforehand. At which point they said no, he did rule on it, and yes, it was reopened, and the whole discussion about whether or not I even needed to do that at all, but Judge Russell takes the position, you must do it. So I followed his direction and that's what happened. It was simply a procedural issue discussing with the court. Your Honors, I go back to the issue that once it was filed in bankruptcy court, statute of limitations is an affirmative defense and it was not properly played. So as a consequence, under our brief, it wasn't raised and more importantly, not being raised, there was nothing else for us to do than to go forward and prove our case. There was no discovery necessary on that. Had it been raised, we'd have gotten into all the arguments about as a public bail bondsman, he had moved and it was public record where he was. And they should have known the address. And I would add that it's the debtor's duty to make sure, not necessarily for dischargeability, because Beasley says, listed or not, if it's a non-asset estate, you are discharged. So to answer Judge Lafferty's question, unless we get non-dischargeability in bankruptcy, we are and were discharged. Did your complaint set forth when the lien was created? I believe so. I thought it attached it. Okay. And that was April 2007, right? Yes. So would it have been clear from the face of the pleadings at what point that expired? Yes. Okay. Thank you. That's all I needed to know. Alright. But I get back to the issue that we couldn't go to state court because under Beasley, we were discharged but for any judgment we could get in bankruptcy for non-dischargeability. Any more questions from the panel? No. Alright. Thank you, Your Honor. Thank you. Thank you very much, Counsel. Thank you. Please call the next case.
judges: Kurtz, Faris, Lafferty